# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668 |
| Federal Housing Finance Agency as Conservator for the Federal National Mortgage Association v. Raines, *et al.* (Agnes) | Civil Case No. 08-1093 (RJL) |

## MEMORANDUM ORDER
(July 27, 2010) [#77, 83, 87]

Before the Court are two motions, both of which seek dismissal of this case but for very different reasons. The first motion, which was filed by the plaintiff Federal Housing Finance Agency ("FHFA") as the conservator for the Federal National Mortgage Association ("Fannie Mae"), requests voluntary dismissal *without prejudice* or, in the alternative, a 180-day stay. FHFA claims that it needs more time to decide whether the prosecution of this case would advance the statutory purpose of the conservatorship to preserve and protect the assets of Fannie Mae. Three of the defendants—Franklin D. Raines, J. Timothy Howard, and Leanne G. Spencer (collectively, "the individual defendants")—responded with a motion of their own asking for dismissal *with prejudice* on the ground that FHFA has failed to prosecute the case with sufficient diligence. For the following reasons, FHFA's motion is GRANTED, and the individual defendants' motion is DENIED.

1

## BACKGROUND

This case, formerly captioned as *Agnes v. Raines*, is one of four shareholder derivative actions still pending against a long list of former and then-current officers and directors of Fannie Mae, as well as other third parties.[1] The case was originally commenced by L. Jay Agnes on June 25, 2008. (*See* Compl. [#1] ¶ 1). His Complaint alleged, among other things, claims arising from Fannie Mae's accounting practices ("accounting claims") and claims arising from Fannie Mae's participation in the subprime financing of home mortgages ("subprime claims"). (*See id.*). Just over two months later, on September 8, 2008, Fannie Mae, with authorization from its recently-appointed conservator FHFA, moved to stay all cases related to the Fannie Mae multi-district litigation. (Mot. for Stay of All Proceedings [#4]). The Court approved the stay for 45 days. (Order Granting Stay of All Proceedings [#8]). On January 22, 2009, the Court granted FHFA's Motion to Intervene as Conservator for Fannie Mae, (Minute Order entered Jan. 22, 2009), and on June 25, 2009, the Court granted FHFA's motion to substitute itself for the shareholder derivative plaintiff, (Mem. Order [#61]). The Court also ordered FHFA to submit within 30 days a proposed order to sever the plaintiff's accounting claims from the subprime claims. (*Id.*). After the Court denied FHFA's motion for an extension of time, FHFA submitted the proposed order on July 27, 2009. (Notice of Filing [#73]). Several days later, on August 4, 2009, the Court entered an order severing the accounting claims from the subprime claims and granting FHFA leave

---

[1] The other cases were originally captioned as *Kellmer v. Raines* (Civ. No. 07-1173), *Middleton v. Raines* (Civ. No. 07-1221), and *Arthur v. Mudd* (Civ. No. 07-2130). FHFA seeks to dismiss each of these cases without prejudice.

to file within 30 days an amended complaint containing the accounting claims and a separate amended complaint containing the subprime claims. (Order [#74]). Rather than filing the amended complaints, FHFA moved to dismiss the case *without prejudice* under Federal Rules of Civil Procedure 23.1(c) and 41(a). In the alternative, FHFA requested a 180-day stay so that it may have additional time to determine whether the continued prosecution of the case comports with the statutory purpose of the conservatorship. In response, the individual defendants moved to dismiss the case *with prejudice* under Rule 41(b) on the ground that FHFA has failed to prosecute the lawsuit diligently.[2]

## DISCUSSION

A derivative action may be "voluntarily dismissed . . . only with the court's approval." Fed. R. Civ. P. 23.1(c). Voluntary dismissal by court order is without prejudice unless the court states otherwise. Fed. R. Civ. P. 41(a)(2). These dismissals are generally "granted in the federal courts unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage." *Conafay v. Wyeth Labs.*, 793 F.2d 350, 353 (D.C. Cir. 1986). Unlike Rule 41(a)(2), Rule 41(b) provides for involuntary dismissal if the plaintiff "fails to prosecute" its case. Fed. R. Civ. P. 41(b). Local Civil Rule 83.23 further provides that "[a]n order dismissing a claim for failure to prosecute shall specify that the dismissal is without prejudice, unless the Court determines that the delay in prosecution of the claim has resulted in prejudice to an opposing party." LCvR 83.23. Whether the Court should deny FHFA's Motion for

---

[2] For his part, plaintiff Agnes, along with another derivative plaintiff in a related case, James Kellmer, filed a Motion for Leave of Court to Appear as *Amici Curiae*. This motion is DENIED.

Approval of Voluntary Dismissal without Prejudice and grant the individual defendants' Motion to Dismiss the Accounting-Related Claims with Prejudice for Failure to Prosecute thus depends on whether the individual defendants can show that FHFA "has not manifested reasonable diligence in pursuing the cause," *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985), and that the resulting delay has caused them prejudice.

To say the least, I am not convinced that FHFA has failed to exercise reasonable diligence in prosecuting its derivative claims. FHFA did not formally replace the original derivative plaintiff until as late as June 2009, and since then, its conduct has not been so "dilatory or contumacious" as to justify the stiff penalty of dismissal with prejudice. *See Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990). Indeed, FHFA has responded to all of the Court's orders in a reasonable fashion, and it certainly has not disobeyed any Court order. Furthermore, FHFA's motion comes less than a mere three months after FHFA officially replaced the original plaintiff. It is also significant that no dispositive motions have been filed,[3] nor is the case on the eve of trial.

---

[3] In this respect, this case is different from *Kellmer v. Raines* (Civ. No. 07-1173) and *Middleton v. Raines* (Civ. No. 07-1221), in which the Court denied FHFA's Motion for Approval of Voluntary Dismissal partly because Fannie Mae had already filed a dispositive motion to dismiss, which the individual defendants had joined. Although the individual defendants have not yet had an opportunity to file a motion to dismiss in this case, the Court is mindful that, should FHFA refile Agnes's accounting-related claims, the individual defendants intend to move for dismissal based on claim preclusion. (*See* Defs.' Response to Status Report and Notice of Filing by FHFA [#75] at 4). To the extent that the Court dismissed *Kellmer* on claim preclusion grounds, if FHFA were to file this case again in the future, it would likely meet a similar fate.

4

The real issue, therefore, is not whether FHFA's conduct until now has been dilatory (it has not) but whether FHFA's decision to dismiss its claims with the option of bringing them again in the future is itself so dilatory as to warrant dismissal with prejudice. The defendants contend that in moving for voluntary dismissal FHFA has stubbornly refused to make known its intention whether or not it will proceed with its derivative action against the individual defendants and that this intentional delay justifies involuntary dismissal with prejudice. It goes without saying that a decision to move for voluntary dismissal cannot—by itself—be a basis for granting involuntary dismissal. Were that so, then voluntary dismissal under Rule 41(a)(2) would be a nullity. The question then is whether FHFA's motion to dismiss without prejudice is an unwarranted deferral of a decision FHFA was obligated to make. If so, then the Court may properly deem FHFA's motion as an obstinate refusal to prosecute and thereby dismiss the case with prejudice.

The individual defendants' suggestion that the Court required FHFA to decide once and for all whether it would prosecute the derivative claims and that it refused to do so is not correct. I did *not* direct FHFA to state whether it intended to proceed with the derivative action or face dismissal with prejudice. To the contrary, I merely granted FHFA leave to file an amended complaint within 30 days. (Order [#74] ¶ 2). FHFA opted not to file an amended complaint and instead filed a motion for voluntary dismissal, as it was permitted to do under Rule 41(a)(2). That is hardly the sort of egregiously dilatory conduct that constitutes failure to prosecute and that justifies the harsh penalty of involuntary dismissal with prejudice. Indeed, given Congress's decision

to extend the statute of limitations as long as three years for tort claims and six years for contract claims from the date of the conservator's appointment, *see* 12 U.S.C. § 4617(b)(12), FHFA's decision to withdraw its claims with the option of bringing them later is not wholly unreasonable. By extending the limitations period, Congress acknowledged that FHFA might need more time to decide whether and how to pursue the claims it inherited as Fannie Mae's newly-appointed conservator. Furthermore, because the Court never warned FHFA that failure to file an amended complaint could result in dismissal with prejudice, it would "upset[] notions of fundamental fairness" for this Court, "in response to [FHFA's] request for dismissal without prejudice," to dismiss the case *with* prejudice, "while failing to give [FHFA] notice of its inclination to impose this extreme remedy." *Andes v. Versant Corp.*, 788 F.2d 1033, 1037 (4th Cir. 1986). In short, I will not penalize FHFA so harshly for deferring a decision that I never expressly required FHFA to make.

Even were I to conclude that FHFA's decision to seek voluntary dismissal constituted dilatory conduct, the individual defendants, nevertheless, have failed to show that they would suffer the sort of prejudice that would justify dismissal on the merits. The defendants point to three consequences that, they believe, constitute severe prejudice. They claim that further delay will prolong the hardship under which they have labored since allegations of wrongdoing first arose over five years ago. They also claim that FHFA's refusal to announce whether it intends to pursue the derivative action will disrupt their discovery strategy in the consolidated Fannie Mae litigation. Lastly, they claim that dismissal without prejudice will undermine the efficiencies sought to be achieved by

consolidating the Fannie Mae cases and that, should FHFA decide to relitigate this derivative action, more depositions of individuals already deposed will have to be taken.[4] There is little doubt that these consequences are burdensome to the individual defendants. Nevertheless, they do not cause the sort of prejudice that would justify the extraordinary remedy that the defendants seek. Surveying the case law, our Circuit Court has observed that dismissals without prejudice are generally granted "unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage." *Conafay*, 793 F.2d at 353. Here, the individual defendants do not claim anything more than that they will be inconvenienced by future relitigation of this case (should it come to pass) and that their discovery strategy in the consolidated Fannie Mae litigation will be disrupted. Because the individual defendants have not shown that they would suffer something more prejudicial than the burden of a second lawsuit or of some tactical disadvantage or inconvenience, the individual defendants' Motion to Dismiss with Prejudice for Failure to Prosecute is DENIED, and FHFA's Motion for Approval of Voluntary Dismissal without Prejudice is GRANTED.

\* \* \*

Accordingly, it is hereby

**ORDERED** that FHFA's Motion for Approval of Voluntary Dismissal without Prejudice [#77] is **GRANTED**; it is further

---

[4] The individual defendants' argument that further delay will cause memories to fade and evidence to go stale is ultimately unavailing given that Congress has made the considered judgment to extend the limitations period for any claims brought by FHFA as Fannie Mae's conservator.

7

**ORDERED** that Defendants Franklin D. Raines's, J. Timothy Howard's, and Leanne G. Spencer's Motion to Dismiss the Accounting-Related Claims with Prejudice for Failure to Prosecute [#83] is **DENIED**; it is further

**ORDERED** that the Motion of Shareholders James Kellmer and Jay Agnes for Leave of Court to Appear as *Amici Curiae* [#87] is **DENIED**; and it is further

**ORDERED** that the case is **DISMISSED** without prejudice.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge